PROB 12B
(7/93)

Report Date: February 28, 2006

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 02 2006

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: Jerry Wayne Dunn

Case Numbers: 2:94CR00027-001 & 2:94CR00061-001

Name of Sentencing Judicial Officer: The Honorable Fred Van Sickle

Date of Original Sentence: 04/19/1995

Type of Supervision: Supervised Release

Original Offense:
2:94:CR00027-001:
Ct. 1: Possession of a Firearm with Obliterated Serial Number, 18 U.S.C. § 922(g)(1)
Ct. 2: Possession of a Firearm with Obliterated Serial Number, 18 U.S.C. § 922(k)

2:94:CR00061-001:
Ct. 3: Possess with Intent to Distribute Methamphetamine within 1,000 Feet of Public School, 21 U.S.C. § 860(a)

Date Supervision Commenced: 04/08/2005

Original Sentence:
Prison - Ct. 1: 120 months, Ct. 2: 60 months, Ct. 3: 151 months, concurrent.
TSR - Ct. 1: 36 months, Cts. 2 & 3: 96 months

Date Supervision Expires: 04/07/2013

## PETITIONING THE COURT

To modify the conditions of supervision as follows:

19  You shall reside in a community corrections center for a period of up to 6 months. This placement may include a pre-release component, day reporting, and home confinement (with or without electronic monitoring, but not to include GPS) at the directions of the CCM and USPO. You shall abide by the rules and requirements of that facility. You shall remain at the facility until discharged by the Court.

20  You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising probation officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

21  You shall abstain from alcohol and shall submit to testing (including urinalysis and Breathalyzer), as directed by the supervising probation officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

Prob 12B
Re: **Dunn, Jerry Wayne**
February 28, 2006
Page 2

## CAUSE

**Standard Condition**: While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.

**Supporting Evidence Violation #1**: Jerry Dunn is considered in violation of his supervised release in the Eastern District of Washington by being possession of a controlled substance, methamphetamine, on/or about February 2, 2006.

On February 2, 2006, police received a call from a concerned citizen who witnessed a male, identified as Mr. Dunn, park his vehicle in the driveway of 518 N. Hodges in Spokane Valley, Washington. After parking his vehicle, the offender was seen recovering a white powder block-like substance out of the dashboard area of the vehicle. He then entered the garage next to the home in Spokane Valley. A short time later, he was seen exiting the garage and driving away. Police made contact with him shortly thereafter, and the offender agreed to a search of his vehicle. A search of his vehicle revealed scales, several small plastic baggies, and methamphetamine residue.

Police contacted the probation office on February 2, 2006, at which time the undersigned probation officer made contact with the offender and responding police officer off Barker Road and Interstate 90. The offender admitted to use of methamphetamine but denied knowledge of any scales in his vehicle. The offender admitted he recently had rented the garage at 518 N. Hodges and that he had not had time to report this to the probation office.

Later that afternoon, after obtaining a search warrant, the police conducted a search of this garage. The search revealed approximately 1 gram of methamphetamine. Mr. Dunn indicated that, based on his criminal history, he will be contesting the state charges.

Mr. Dunn was arrested and released on bond. Mr. Dunn's bond was later exonerated as no charges were filed within 72 hours.

During an interview with Mr. Dunn upon his release, he indicated that prior to this officer making contact with him on February 2, 2006, he had been physically assaulted by the responding Spokane County sheriff's deputy. Mr. Dunn indicated he felt a great deal of duress and, therefore, he was not able to legally consent to a search of his vehicle. Further, he denied any of the allegations regarding his possession of scales commonly used in the drug distribution trade or drugs.

**Standard Condition**: The defendant shall participate in drug and alcohol counseling and treatment, and random urinalysis testing as directed by the United States Probation Officer. Further, the defendant shall abstain from the use of alcohol.

**Supporting Evidence Violation #2**: Jerry Dunn is considered in violation of his supervised release in the Eastern District of Washington by use of controlled substances, marijuana and methamphetamine, on/or about February 10, 2006.

**Supporting Evidence Violation #3**: Jerry Dunn is considered in violation of his supervised release in the Eastern District of Washington by use of a controlled substance, marijuana, on/or about February 15, 2006.

**Supporting Evidence Violation #4**: Jerry Dunn is considered in violation of his supervised release in the Eastern District of Washington by his failure to submit to a urinalysis as directed on February 20, 2006.

Prob 12B
**Re: Dunn, Jerry Wayne
February 28, 2006
Page 3**

On February 10, 2006, Mr. Dunn reported to the probation office after he was released on the state drug charge. Mr. Dunn submitted a urinalysis as directed which tested presumptively positive for marijuana and amphetamines. He admitted to use of marijuana, amphetamines, and methamphetamine. Mr. Dunn enumerated that he has a history of using marijuana and not methamphetamine. The urine sample was submitted to Scientific Laboratories for further confirmatory testing.

Mr. Dunn submitted a urinalysis test as instructed on February 15, 2006, which tested confirmed positive for marijuana according to Scientific Laboratories. Mr. Dunn admitted to use of marijuana.

Mr. Dunn was directed to submit to urinalysis testing on February 20, 2006, however, he failed to appear. He indicated that since he has been directed by the probation office to abstain from having contact with his girlfriend, Michelle Shorthouse, he has found it difficult to remember to comply with the phase testing program requirements. Mr. Dunn indicated his girlfriend had filled out his monthly supervision reports, as well as contacted Iverson Center daily to ascertain if he was required to report for testing.

According to Tom Stebbins, who has been seeing Mr. Dunn for mental health services, this offender is capable of complying with reporting instructions for both the probation and the urinalysis testing program. Mr. Dunn reports becoming easily overwhelmed.

Recently, Mr. Dunn was terminated from his employment at Pristina Pines for attendance problems. Mr. Dunn indicated he had an injury for which he was receiving medical treatment and that his employer fired him as a result. The probation office contacted this employer who advised that, based on this offender's lack of attendance and no contact with his employer to advise of his situation, it was virtually automatic that he would be terminated.

Prior to this offender's use of controlled substances, he was employed and actively engaged in mental health counseling. Mr. Dunn was allowed to have contact/relationship with Michelle Shorthouse who is also under Federal supervision with our office for the offense of abetting arson to commit a felony, and travel to interstate commerce with intent to commit murder. Based on this offender's present difficulties, Ms. Shorthouse and Mr. Dunn were directed to abstain from having further contact. This directive was intended to protect both individuals, but particularly Ms. Shorthouse, who should not be involved with this offender's chemical dependency problems.

The probation office is guarded in our recommendation to place Mr. Dunn at a community corrections center (CCC), based on the aforementioned problems and the likelihood that the State of Washington will be pursuing felony drug charges against this offender. However, the probation office believes that if Mr. Dunn can successfully engage in the necessary community-based programming while being offered the structure of a CCC, he will have the best opportunity toward success.

While Mr. Dunn is housed in a CCC, he will be required to continue to engage in mental health services with Tom Stebbins. Mr. Dunn has expressed a dislike for this therapist, but hopefully, he will reconsider after further consultation with Mr. Stebbins. The probation office has referred this offender for a substance abuse evaluation and if it is recommended, treatment services through New Horizons Outpatient Clinic.

Based on the United States v. Stephens (9th Cir. 2005) case, the probation office is requesting modification to the offender's existing conditions to abstain from alcohol and controlled substance use and submit to testing.

Respectfully submitted,

by _____

Missy K. Kolbe
U.S. Probation Officer
Date: February 28, 2006

THE COURT ORDERS

[ ] No Action
[ ] The Extension of Supervision as Noted Above
FvS [X] The Modification of Conditions as Noted Above
[ ] Other

_____
Signature of Judicial Officer

March 1, 2006
Date